UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JANICE BRADFORD,

        Plaintiff,

-vs-                                              Case No.  5:03-cv-86-Oc-10GRJ

UNUM LIFE INSURANCE COMPANY OF
AMERICA,

        Defendant.
_____

## **O R D E R**

On June 4, 2004, the Court issued a Memorandum Opinion (Doc. 40) granting the Defendant's motion for summary judgment on all claims. Final judgment in this case was entered that same day. (Doc. 41). More than twenty months later, after engaging in appellate proceedings and ultimately executing a settlement agreement with the Defendant, the *pro se* Plaintiff filed a "Rule 60 Motion for Relief from Judgment" (Doc. 60), which the Court also construes as a motion to amend her complaint and to intervene on behalf of John Caylor. The Defendant has filed a response in opposition (Doc. 61), as well as a Motion for Rule 11 Sanctions (Doc. 64), to which the Plaintiff has responded (Doc. 65). Upon review of the motion papers and the record in this case, both motions are due to be denied.

**Background**

The parties have been litigating this action for more than three years, with the majority of the disputes arising after the parties entered into a settlement agreement. On March 10, 2003, *pro se* Plaintiff Janice Bradford filed a Complaint pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC § 1001, *et seq.*, to recover for unpaid disability benefits she claimed were due her as a participant or beneficiary of a long term disability plan sponsored by her employer and administered by the Defendant, UNUM Life Insurance Company of America ("UNUM"). The Court denied Bradford's motion for summary judgment and granted UNUM's motion for summary judgment on June 4, 2004 (Doc. 40). The Clerk entered judgment in favor of UNUM and against Bradford that same day (Doc. 41), and closed the case.

Bradford shortly thereafter filed a timely appeal to the Eleventh Circuit Court of Appeals. While the appeal was pending the parties initiated settlement negotiations. Prior to the conclusion of these negotiations, a dispute arose between Bradford and her attorney, John Murray, Esq., and the Eleventh Circuit Court of Appeals granted Murray's request to withdraw as counsel on February 9, 2005. Bradford, now proceeding *pro se*, continued to conduct settlement negotiations with UNUM and the parties ultimately reached a settlement of all claims. The parties signed a settlement and release agreement on March 11, 2005.

Prior to the execution of the settlement agreement, Murray filed a Notice of Charging Lien with the Eleventh Circuit Court of Appeals, and advised UNUM that he was claiming

entitlement to $6,902.28 of the settlement proceeds.[1]  Based on this information, the parties included in the settlement agreement a provision requiring UNUM to deposit the disputed funds into this Court's registry and to seek leave to reopen this case for the sole purpose of determining the allocation of these funds.

The parties then moved for dismissal of Bradford's appeal with prejudice, which the Eleventh Circuit Court of Appeals granted on May 9, 2005 (Doc. 44).  On July 15, 2005 UNUM sought leave from this Court to reopen this case and to deposit funds in the Court's registry in accordance with the terms of the settlement agreement and release (Doc. 50). In direct conflict with the terms of the settlement agreement, Bradford opposed re-opening this case and instead demanded that she receive the disputed funds.  The Court denied UNUM's motion to reopen the case on February 28, 2006, because it lacked jurisdiction to enforce the settlement agreement (Doc. 58).  The Court is not aware whether the parties have ever resolved their attorneys fees issue.

On March 10, 2006, Bradford filed her "Rule 60 Motion for Relief from Judgment" (Doc. 59).  In her motion, she asks the Court to dissolve the settlement agreement with UNUM, and to set aside the Court's June 4, 2004 Memorandum Opinion awarding summary judgment in favor of UNUM.  Bradford request this relief based on almost every single provision of Fed.R.Civ.P. 60.  In the same motion, she also seeks to amend her complaint to include a class action RICO claim against UNUM, and requests permission

---

[1]The Eleventh Circuit denied the Charging Lien as moot at the time it dismissed Ms. Bradford's appeal (Doc. 44).

to allow a non-party, John Caylor, leave to intervene in this case. In addition to responding to this motion, (Doc. 61), UNUM has filed a motion seeking sanctions under Fed.R.Civ.P. 11, arguing that Bradford's motion is "both factually and legally frivolous and was presented to harass UNUM." (Doc. 64). UNUM seeks a monetary sanction of a penalty payable to the Court, an award of some or all of UNUM's attorneys fees and costs incurred in responding to Bradford's motion and preparing the Rule 11 motion, and an order from the Court barring Bradford from filing any further papers in this Court unless she obtains legal counsel or is specifically authorized by the Court to do so.

## **Discussion**

Although Bradford vigorously challenged UNUM's prior attempts to reopen this case, she now seeks relief from the Court's June 4, 2004 judgment and requests that this case be reopened in its entirety, and that she be allowed to include new claims of RICO violations, add a new party-plaintiff, and proceed as a class action. In support of these requests, Bradford has submitted a 51-page rambling, disjointed pleading, which in large part merely rehashes the merits of her original claims and challenges the validity of her settlement agreement. The Court will address each of Bradford's requests in turn.

**I.    The Release and Settlement Agreement**

As an initial point, it appears that Bradford's motion and all of her requests for relief are barred by the Release and Settlement Agreement Bradford and UNUM executed on

March 11, 2005.[2]  As part of her settlement with UNUM, Bradford entered into a general release, whereby she released UNUM

> from any and all claims, liens, demands, sums of money, actions, rights, claims for relief, debts, obligations, causes of action, damages, liabilities, expenses, fees and costs, including attorneys' fees, which Bradford has ever had, now has, or which may later appear or accrue, for any losses, injuries or damages, whether anticipated or unanticipated, known or unknown, claimed or unclaimed, resulting from, arising out of or connected directly or indirectly with the Policies, any booklet, summary plan description or other document relating to the Policies or the Plan, any other insurance policy issued by UNUM or any of its affiliated companies or based on any other act or omission, including but not limited to claims under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA"), including claims for benefits, breach of fiduciary duty, waiver of premiums, or attorneys' fees, and all allegations, express and implied, that were or could have been asserted, directly or indirectly, in the Lawsuit or the Appeal, for relating to the Policies or the Plan or any other policy issued by UNUM or any of its affiliated companies or Bradford's coverage and/or claim for benefits under the Policies or the Plan or any other policy issued by UNUM or any of its affiliated companies.

See Doc. 61, Exhibit 1, p. 2.

It would seem that Bradford's attempts to relitigate her ERISA claims and to assert a new claim alleging RICO violations would fall within the parameters of this release. Bradford now argues that she entered into this Release and Settlement Agreement while "suffering from extreme mental and emotional duress." See Doc. 59, p. 4. However, because the Court previously entered final judgment in this case more than nine months

---

[2]A copy of the settlement agreement is attached as Exhibit 1 to UNUM's Response in Opposition (Doc. 61).

before Bradford executed the Settlement Agreement, the Court is without jurisdiction to determine whether the Release remains in full force and effect. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 378 (1994). Indeed, the Court has already made this point in its February 28, 2006 Order (Doc. 58). If Bradford wishes to void her settlement agreement, she must file a separate lawsuit, in the appropriate jurisdiction, using the appropriate legal theories. Accordingly, the Court cannot and will not consider any arguments by either party which relate to the Release and Settlement Agreement.[3]

## II. Bradford's Rule 60 Motion for Relief Is Improper and Time Barred

Even without the Release and Settlement Agreement, it is readily apparent that Bradford's motion suffers from numerous fatal deficiencies. Bradford contends that the Court's June 4, 2004 order should be overturned because, among other things: (1) "UNUM engaged in hardball unethical litigation tactics that included perjured pleadings, libel against the Plaintiff and fraud upon the court;" (2) her prior attorney, John Murray, "developed an unwritten-unethical cozy and contractual relationship with defendant UNUM;" and (3) Bradford "was proceeding as a Pro-Se litigant suffering from extreme mental and emotional duress when she agreed to and signed UNUM's demands after being boxed into a corner with no other options." See Doc. 59, pp. 2-4. Bradford also reasserts many of her

---

[3]Even if the Court did not have jurisdiction to address this issue, the Court seriously doubts that Bradford has established sufficient proof of duress, see Herald v. Hardin, 95 Fla. 889, 891 (Fla. 1928); City of Miami v. Kory, 394 So.2d 494, 497 (Fla. 3d DCA 1981), or that her request to void the settlement agreement is timely, see G.E.E.N. Corp. v. Southeast Toyota Distributors, Inc., No. 93-632-CIV-ORL-19, 1994 WL 695364, *7 (M.D. Fla. Aug. 31, 1994).

arguments that were made during the initial summary judgment proceedings, and spends the bulk of her motion trying to assert a class action claim for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et. seq..

As relief, Bradford requests: (1) the recovery from UNUM of her unpaid long-term disability benefits plus interest accrued to date; (2) restoration of her rights under the long-term disability insurance policy, including future benefits; (3) reimbursement plus interest for all premiums she paid on her UNUM life insurance policy and reinstatement of the premium waiver provision; (4) reimbursement plus interest for all premiums she paid on her health insurance policy; and (5) "to expose evidence, prove and appropriately sanction UNUM under the Federal RICO Statute."[4] Doc. 59, p. 8. Bradford is not entitled to any of the relief she requests, under Rule 60 or any other theory alleged in this case.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, Ms. Bradford can seek relief from the Court's June 4, 2004 judgment only for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud (either intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reserved or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other

---

[4] The sanctions include treble damages for both Bradford and John Caylor, the purported intervenor. See Doc. 59, pp. 49-50.

reason justifying relief from the operation of the judgment. Ms. Bradford seeks relief from the Court's judgment pursuant to the second, third, fifth and sixth reasons. She has failed to satisfy any of them.

Any attempts to seek relief under either Rule 60(b)(2) or (3) are time barred. As the Rule clearly states, motions for relief from judgment brought on the basis of these two grounds must be made "not more than one year after the judgment, order, or proceeding was entered or taken." See Rule 60(b). Ms. Bradford filed this motion on March 10, 2006, nearly two years after the Court's June 4, 2004 judgment.[5] Accordingly, her request for relief on the basis of newly discovered evidence or fraud or misconduct by UNUM is denied.[6]

Bradford also seeks relief from the Court's judgment on the basis that it is no longer equitable to give it prospective application. See Rule 60(b)(5). Her request fails because the Court's judgment has no prospective application. Rule 60(b)(5) typically applies to

---

[5]The one year period for filing a motion for relief under Rule 60(b) runs from the date of the judgment itself, and is not tolled during appeal. See King v. First American Investigations, Inc., 287 F.3d 91 (2nd Cir. 2002); Nevitt v. United States, 886 F.2d 1187 (9th Cir. 1989); Gulf Coast Bldg. & Supply Co. v. Int'l Bhd. of Elec. Workers, 460 F.2d 105, 108 (5th Cir. 1972).

[6]Even if Bradford's motion was timely, she has not alleged or submitted any newly discovered evidence or fraud that would change in any way the Court's June 4, 2004 judgment. Rather, to the extent any of her unsupported allegations can be considered "new" evidence, the vast majority go towards the creation and execution of the settlement agreement and release, which took place long after the Court's entry of judgment, and which have no bearing on the merits of Bradford's ERISA claim. Any remaining unsupported allegations concern UNUM's relations with entities not involved in this case, which took place in other jurisdictions both before and after judgment was entered here, and which have no bearing on the factual and legal issues presented in Bradford's original claim for a denial of benefits under 29 U.S.C. § 1132(a)(1)(B).

judgments which provide equitable relief, such as consent decrees or injunctions, where the conduct of one or more parties continues to be monitored.  The Court's June 4, 2004 judgment does not provide any equitable relief and is not a consent decree.  See, e.g., Cook v. Birmingham News, 618 F.2d 1149, (5th Cir.  1980).  Rather, it is simply a summary judgment ruling affirming UNUM's denial of disability benefits.  The judgment is final and permanent and does not monitor any party's behavior into the future.  See Gibbs. V Maxwell House, 738 F.2d 1153 (11th Cir.  1984).

Finally, Bradford appears to seek relief under Rule 60(b)(6), the "catch-all" provision. Relief under this portion of Rule 60(b) is reserved "only for extraordinary circumstances." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir.  2000) (quoting Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1288 (11th Cir.  2000)).  Such "extraordinary circumstances" include, at times, a supervening change in the law,[7] or where a judgment should be vacated "to accomplish justice."[8]  A request for relief under Rule 60(b)(6) must be made within a reasonable time and cannot be premised on one of the other grounds enumerated in Rule 60(b), even if the requested relief is denied under the other provisions.  Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863 (1988); United States v. Real Property & Residence, 920 F.2d 788, 791 (11th Cir.  1991).

---

[7]High v. Zant, 916 F.2d 1507, 1509 (11th Cir. 1990)

[8]Klapprott v. United States, 335 U.S. 601, 614-15 (1949).

Bradford has not demonstrated any "extraordinary circumstances" justifying relief from the Court's June 4, 2004 judgment. She has not pointed to any supervening changes in the applicable law, nor has she demonstrated that the judgment should be overturned in order to accomplish justice. Rather, the shotgun allegations in her motion simply rehash her arguments from her summary judgment motion, and attack the validity of her post-judgment settlement agreement and release.[9] To the extent Bradford's allegations can be understood, they also fall within the categories of "newly discovered evidence" and "fraud or misconduct of an adverse party," both of which are now time barred.[10] Therefore, Rule 60(b)(6) is not applicable.

The remainder of Bradford's proffered reasons for requesting relief from the Court's judgment do not appear to fall within any of the categories listed in Rule 60(b), and are frivolous and without factual support. They are simply a litany of unsubstantiated attacks

---

[9] Similarly, Ms. Bradford has failed to demonstrate any "fraud upon the court" such that Rule 60(b)(6) would apply.

[10] Bradford cannot use Rule 60(b)(6) to avoid the one-year limitations period for motions based on either newly discovered evidence or fraud by UNUM. See Lester v. Empire Fire and Marine Ins. Co., 653 F.2d 353 (8th Cir. 1981); Kerwit Medical Products, Inc. v. N & H Instruments, Inc., 616 F.2d 833, 836 n. 8 (5th Cir. 1980); Serzysko v. Chase Manhattan Bank, 461 F.2d 699 (1972).

on the ethics of UNUM and its attorneys, Bradford's prior counsel, and this Court.[11] Needless to say, they are insufficient to warrant relief from judgment.[12]

### III. Bradford's Motion to Amend Her Complaint is Time Barred

In her Rule 60 Motion, Bradford also attempts to bring an entirely new class action claim against UNUM for alleged RICO violations - in other words she seeks to amend her complaint. Rule 60 is not the proper vehicle for amending a complaint or bringing a new action; Rule 60 is only available to seek relief from an existing judgment. Instead, Bradford's request to include this new RICO claim is governed by Rule 15(a) of the Federal Rules of Civil Procedure. In interpreting Rule 15(a), the Eleventh Circuit has held that "[a]lthough '[l]eave to amend shall be freely given when justice so requires,' a motion to amend may be denied on 'numerous grounds' such as 'undue delay, undue prejudice to the defendants, and futility of the amendment.'" Maynard v. Bd. of Regents, 342 F.3d 1281, 1287 (11th Cir. 2003) (quoting Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281, 1284 (11th Cir. 2000)). Each of these "numerous grounds" applies here.

To allow Bradford to amend her complaint to include an entirely new claim, <u>almost two years after final judgment was entered in this case</u>, without any acceptable excuse,

---

[11]For example, Ms. Bradford alleges that UNUM's attorneys conspired with her former attorney to force her into the settlement agreement and release, and that UNUM "crafted" the Court's June 4, 2004 summary judgment order itself. Aside from the fact that such an allegation is offensive, it is completely untrue and unsupported by any evidence.

[12]Bradford also attempts to use her Rule 60 motion to set aside her settlement agreement on the grounds that she was under duress at the time of execution. As discussed above, the Court is without jurisdiction to enforce or interpret the settlement agreement. See Doc. 58.

would surely work an injustice on UNUM in the form of undue delay and prejudice. Moreover, as the Court has explained to Bradford on multiple occasions, <u>this case is now closed</u>. The Court does not have jurisdiction to reopen this case to include brand new claims and start litigation all over again. In contrast to the undue prejudice UNUM would face, the Court does not see how Bradford would be harmed by filing a new lawsuit in the appropriate jurisdiction if she so chooses. See Cason v. Seckinger, 231 F.3d 777 (11th Cir. 2000). It is also painfully obvious from Bradford's motion that she has not come close to alleging a RICO action, thus even if the Court were to entertain such a belated amendment, it would be futile.[13]

### IV.   The Motion to Intervene is Both Improper and Untimely

Similarly, Bradford cannot use Rule 60 to gain permission for John Caylor to intervene in this closed case. Rule 24 of the Federal Rules of Civil Procedure, not Rule 60, is the proper vehicle for intervention. In addition, Bradford cannot seek leave to intervene on behalf of another, the person seeking to intervene must file his own motion on his own

---

[13] Bradford seeks to bring an action under both 18 U.S.C. § 1962(c) and (d). To establish a RICO violation under 18 U.S.C. § 1962(c), Bradford must establish: "(1) the existence of an enterprise; (2) that the enterprise affected interstate commerce; (3) that the defendants were employed by or associated with the enterprise; (4) that the defendants participated, either directly or indirectly, in the conduct of the affairs of the enterprise; and (5) that the defendants participated through a pattern of racketeering activity." United States v. Starrett, 55 F.3d 1525, 1541 (11th Cir. 1995). To establish a RICO conspiracy violation under 18 U.S.C. § 1962(d), Bradford must prove that the defendants "objectively manifested, through words or actions, an agreement to participate in the conduct of the affairs of the enterprise through the commission of two or more predicate crimes." Id., at 1543 (quoting United States v. Russo, 796 F.2d 1443, 1455 (11th Cir. 1986)). Even a cursory reading of her motion and attached documents demonstrates that Bradford has not properly alleged the elements for either alleged RICO violation.

behalf. See Fed.R.Civ.P. 24(c). However, these procedural deficiencies in Bradford's motion are not the sole basis for denying her requested relief. Simply put, there is nothing left in this case for Caylor to intervene in. "An existing suit within the court's jurisdiction is a prerequisite of an intervention." Kendrick v. Kendrick, 16 F.2d 744 (5th Cir. 1926). There is no existing suit before this Court - final judgment was entered on June 4, 2004, and the parties entered into a binding settlement agreement in March 2005.[14]

In addition, to the extent Caylor has brought this motion on his own behalf, he cannot seek relief under Rule 60(b) because he was never a party to this litigation. See Fed.R.Civ.P. 60(b); Smith v. Missouri Pac. R. Co., 615 F.2d 683, 684 (5th Cir. 1980).

## V. UNUM's Motion for Rule 11 Sanctions

In response to Bradford's post-judgment motions, UNUM has filed a motion requesting sanctions under Rule 11 of the Federal Rules of Civil Procedure. UNUM argues that Bradford's Rule 60 Motion is "both factually and legally frivolous and was presented to harass UNUM." See Doc. 64, p. 1. UNUM further contends that Bradford did not make a reasonable inquiry into her factual contentions and legal claims before she filed her motion. As such, UNUM contends that sanctions are warranted, even though Bradford is proceeding *pro se*.

UNUM seeks as sanctions: (1) a monetary sanction payable to the Court; (2) an award of some or all of UNUM's attorneys' fees and costs incurred in responding to the

---

[14] Cf. Smith v. Missouri Pac. R. Co., 615 F.2d 683, 684-85 (5th Cir. 1980).

Rule 60 motion; (3) an award of UNUM's attorneys' fees and costs incurred in bringing the Rule 11 motion; and (4) an order prohibiting Bradford from future frivolous filings by not accepting any filings in this or any other case against UNUM unless she is represented by counsel or obtains leave of court to proceed *pro se*. Bradford has filed a response to UNUM's motion, which does not address any of UNUM's arguments, but instead attempts to add more allegations to her purported class action RICO claim, and reargue her ERISA claim for benefits. See Doc. 65.

Rule 11 requires "an attorney or unrepresented party" who files "a pleading, written motion, or other paper" to certify that the filing is "not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" and "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed.R.Civ.P. 11(b). When a court determines that Rule 11(b) has been violated, the Court has discretion to "impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." Fed.R.Civ.P. 11(c). The sanction awarded may consist of directives of a nonmonetary nature, an order to pay a penalty to the Court, or some or all of the reasonable attorneys' fees and costs incurred as a result of the violation. Fed.R.Civ.P. 11(c)(2).

Although the Court is sympathetic to the hardships placed on UNUM in responding to Bradford's Rule 60 motion, the Court does not believe that sanctions are warranted at

this time. The Court is aware that the Plaintiff, who was originally represented by counsel, is now proceeding *pro se.* The Court is further aware that the Plaintiff is obviously upset with her settlement with UNUM and wishes to void her settlement agreement. However, this is the first arguably frivolous motion Bradford has filed, and given her *pro se* status and obvious lack of knowledge of the Federal Rules of Civil Procedure and subject matter jurisdiction, the Court is inclined to give Bradford the benefit of the doubt. [15] Moreover, the Court cannot and will not infringe on Bradford's constitutional rights to access to the courts in the manner UNUM suggests.

One thing must be made perfectly clear. All parties, and in particular Bradford, have now been made well aware that this case is over and done with. Judgment has been entered, all appeals have been dismissed with prejudice, and a settlement agreement has been executed. As such, there are no more motions to be filed in this particular case, and the Court will not entertain any further attempts by either party or John Caylor to relitigate any portion of this case, or to challenge the settlement agreement. If Bradford or Caylor file any further motions in this case, the Court will deny them with prejudice, and UNUM need not file a response absent a direct request from the Court.

## **Conclusion**

Accordingly, upon due consideration, it is hereby ORDERED and ADJUDGED that:

---

[15] See, e.g., Harris v. Heinrich, 919 F.2d 1515, 1516 (11th Cir. 1990) ("Although Rule 11 applies to *pro se* plaintiffs, the court must take into account a plaintiff's *pro se* status when it determines whether the filing was reasonable."); Davis v. Carl, 906 F.2d 533, 537 (11th Cir. 1990) (sanctions are not warranted if the claim was brought as a result of "poor judgment").

1.      The *pro se* Plaintiff's "Rule 60 Motion for Relief from Judgment," which the Court has also interpreted as a motion to amend complaint and to intervene (Doc. 59) is DENIED;

2.      The Defendant UNUM Life Insurance Company of America's Motion for Rule 11 Sanctions (Doc. 64) is DENIED.  However, the Plaintiff and John Caylor are advised that this case is closed and the Court is without jurisdiction to entertain any further motions in this case.  Any further motions filed by the Plaintiff or John Caylor in this case will be denied with prejudice.  The Defendant will not be required to respond to any such motions absent a direct request from this Court.

3.      The Defendant UNUM Life Insurance Company of America's Motion for Status Conference (Doc. 62) is DENIED AS MOOT.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 19th day of September, 2006.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Janice Bradford, *pro se*